**GOVERNMENT'S PROPOSED INTRODUCTION**

Ladies and gentlemen, welcome. I am Judith Herrera, Judge for the United States District Court for the District of New Mexico. Each of you is a potential juror in the criminal case of United States v. John Charles McCluskey. In this case, Mr. McCluskey is charged in a twenty-count superseding indictment with conspiracy to commit carjacking, carjacking resulting in death, tampering with a witness, conspiracy to interfere with commerce, interfering with commerce, using and carrying a firearm during and in relation to a crime of violence, being a felon in possession of a firearm or ammunition and being a fugitive in possession of a firearm or ammunition.  Mr. McCluskey is charged with killing Gary and Linda Haas during the commission of some of these offenses, charges which carry a potential penalty of death or life imprisonment without possibility of release. These charges are commonly referred to as capital charges and trial in this case will be referred to as a capital trial.

Let me begin with introductions.  This criminal case has been brought by the United States Government.  I will sometimes refer to the government as the prosecution.  The government is represented in this case by Assistant United States Attorneys Gregory Fouratt and Linda Mott, as well as Department of Justice Trial Attorney Michael Warbel.  They are joined at counsel table by Special Agent Marcus McCaskill of the Federal Bureau of Investigations and Attorney Kristopher Houghton.

The Defendant is John Charles McCluskey.  Mr. McCluskey is represented by Attorneys Michael Burt, Theresa Duncan, and Gary Mitchell.  They are joined at counsel table by (insert names).

You have all completed a detailed questionnaire and we are about to begin the second phase of the jury selection process in this case.  The purpose of this jury selection process is to

empanel a jury that can be fair and impartial to both sides. Because the only sentencing options in this case are a sentence of death or life imprisonment without possibility of release, this process includes determining whether the jury members can fairly consider a death sentence and also fairly consider a life sentence without possibility of release. Today, the attorneys and I will question you as a group regarding some general topics. We will then question you individually. The individual questioning will pertain particularly to your view regarding the potential punishment that may be imposed in this case, a sentence of death or life imprisonment without possibility of release. Before we begin the questioning, I would like to explain some general concepts to you and give you an overview of how a federal death penalty trial is conducted.

You will note that each of you has been assigned a number. This number will be used to identify you throughout the proceedings in this case. Here in Court, you will only be referred to by your number and not by your name during jury selection and the trial. In order to protect your privacy, only the Court and the attorneys will know your name and other identifying identification. This will serve to insulate and shelter you from unwanted and undesirable publicity, and any access to you which could interfere with preserving your sworn duty to fairly, impartially, and independently serve as jurors. It will also permit the media complete freedom of coverage of this trial. I emphasize that this measure is taken only to protect the right of privacy of the participants and to assist you in discharging your responsibility as jurors fairly and impartially.

Let me now summarize the charges in this case. I do so only so that you can begin to understand what this case is about. Mr. McCluskey has been charged by way of a Third Superseding Indictment with twenty counts. The indictment is not evidence itself. It simply

contains the charges that the Government is required to prove beyond a reasonable doubt. The charges are as follows:

Count 1 accuses Mr. McCluskey of conspiracy to commit carjacking.

Counts 2 and 3 accuse Mr. McCluskey of carjacking resulting in death.

Counts 4 and 5 accuse Mr. McCluskey of murder of a federal witness.

Count 6 accuses Mr. McCluskey of conspiracy to commit robbery affecting interstate commerce.

Counts 7 and 8 accuse Mr. McCluskey of robbery affecting interstate commerce.

Counts 9-18 accuse Mr. McCluskey of firearms murder during and in relation to a crime of violence.

Count 19 accuses Mr. McCluskey of being a felon in possession of a weapon.

Count 20 accuses Mr. McCluskey of being a fugitive in possession of a weapon.

Mr. McCluskey has pled not guilty to each of these charges. In all criminal cases, there are three principles that you must understand and keep in mind throughout the entire trial. First, the defendant is to be presumed innocent. Second, the government has the burden of proof beyond reasonable doubt as to all elements of the offense charged. The law does not require a defendant to prove his innocence or produce any evidence at all. Third, defendant has a right to remain silent throughout all trial stages and no adverse inference may be drawn from the defendant's silence. These are guarantees afforded to every criminal defendant by the United States Constitution.

The crimes charged in Counts 2-5 and 9-18 of the superseding indictment are capital charges, meaning they may be punished by one of only two sentences: life in prison without the

possibility of release or the death penalty.[1] If the jury convicts Mr. McCluskey of any one of these offenses, the jury will also decide whether he should be punished by life imprisonment without possibility of release or death. The jury's decision is binding on this Court. That means that if the jury determines that Mr. McCluskey should be sentenced to life imprisonment without possibility of release, that is the sentence I am required to impose. Likewise, if the jury determines that Mr. McCluskey should be sentenced to death, I am required by law to impose that sentence. In the federal system a life sentence means that the person will serve every day of his life in prison. There is no possibility of early release or parole.

Now, I will provide you with a general outline of how a federal criminal trial involving a potential penalty of death or life imprisonment without possibility of release operates, including the different parts of the trial and the legal standard or norms that apply throughout the process. The parts of the trial are illustrated in the chart displayed here in the courtroom.[2]

First, fairness and justice require that you do not reach any conclusions about whether Mr. McCluskey is guilty of any of the charges in this case until you have heard all of the evidence. Additionally, you are not to infer from the discussion regarding potential punishment that Mr. McCluskey is guilty of any of the charged offenses or that the jury will definitely have to consider the sentence to be imposed. It is just that, as I am sure you understand, in any case where the death penalty is even a possible punishment, we must explore your attitude and views about the death penalty and the penalty of life imprisonment without possibility of release, since these punishments are something the jury may have to consider.

---

[1] The potential available punishment remain the subject of litigation and the Government does not waive its claim that the jury must be read the third option, indicating a lesser punishment, unless Defendant formally waives his right to have the jury consider such lesser sentence.

[2] Refer to chart proposed by the parties, which mirrors the chart used in *United States v. Richardson* (N.D. Ga. 2012).

There are two potential parts in a federal death penalty trial. We will call them the Trial Phase and the Penalty Phase. In the first part, the Trial Phase, like in any other criminal trial, the jury determines whether or not the defendant is guilty of the charges set forth in the superseding indictment. During the Trial Phase, the possibility of punishment must not enter into the jury's deliberations at all.

If the jury determines that the defendant is not guilty or is guilty of a lesser offense, then the jury's work is done and the trial would not proceed to the second part, the Penalty Phase. If, however, the jury finds the defendant guilty of a capital charge, then and only then, the trial would proceed to the Penalty Phase, a hearing at which the jury decides the sentence to be imposed.

I will now summarize the deliberative process you must follow in considering the sentencing decision should this case proceed to the Penalty Phase. If we reach a Penalty Phase, I will discuss specific matters in more detail at the beginning and end of the hearing.

Your deliberations at the Penalty Phase will be organized into two separate steps, each with its own distinct focus. First, you must determine whether the defendant is eligible for a sentence of death. Unless and until you find that the defendant is eligible for a death sentence, it is improper for you even to consider whether such a sentence would be justified. Second, if you find the defendant is eligible for a death sentence, you must determine whether such a sentence is justified and, thus, must be imposed. To find the defendant eligible for a death sentence, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant was at least eighteen years old when the capital offense was committed;

Second: the defendant acted with a level of intent sufficient to allow consideration of the death penalty, which may be different than the intent required to convict the defendant of the offense, and

Third: the existence of at least one statutory aggravating factor. The statutory aggravating factors alleged against Mr. McCluskey are listed in this chart.

Aggravating factors are considerations that tend to support imposition of the death penalty. The government is required to specify the factors it relies on, and your deliberations are constrained by its choice. Even if you believe that the evidence reveals other aggravating factors, you may not consider them.

Mitigating factors are considerations that suggest a sentence of death should not be imposed. They need not justify or excuse the defendant's conduct, but they do suggest that a punishment less than death may be sufficient to do justice in the case.

If you find that any one or more of these three eligibility conditions has not been proved beyond a reasonable doubt by the government, the defendant is not eligible for a sentence of death, and your deliberations are over. If you find that the government has proved beyond a reasonable doubt that all of these conditions are satisfied, the defendant is eligible for a death sentence and you must proceed to the next stage of deliberations, to decide whether such a sentence is justified.

The justification stage, which focuses on all relevant aggravating and mitigating factors, is broken down into two steps. First, you must determine what factors have been proved. As for the aggravating factors, you must unanimously determine that the government has proved beyond a reasonable doubt any additional statutory or non-statutory factors relied upon to support the death sentence. In contrast, the defendant may prove mitigating factors by just a

preponderance of the evidence.  Moreover, it is up to each juror to decide individually whether any mitigating factor exists—there is no requirement that the defendant establish mitigating factors unanimously.

The second step of the justification stage involves a weighing process. You must decide whether the proved aggravating factors outweigh the proved mitigating factors sufficiently to justify the death sentence.  Even if you do not find any mitigating factors, you still must decide whether the aggravating factors are sufficient to justify imposition of a death sentence. If you determine as a result of this weighing process that the factors do not justify a death sentence, such a sentence may not be imposed, and your deliberations are over.

If you determine that the factors do justify a death sentence, that sentence must be imposed. But weighing aggravating and mitigating factors is not a mechanical process, and the judgment involved is exclusively yours. Whatever findings you make with respect to aggravating and mitigating factors, the result of the weighing process is never foreordained. For that reason a jury is never required to impose a sentence of death. At this last stage of your deliberations, it is up to you to decide whether, for any proper reason established by the evidence, you choose not to impose such a sentence on the defendant.

Any decision to impose a sentence of death must be unanimous.

This summarizes the possible parts of this capital trial and the deliberative process the jury must follow.  I also want to comment on a few other general subjects. From the beginning to the end of the trial jurors will have to abide by and follow some rules:

(a) you may not talk about the case or read, listen, or watch reports about the trial or do any independent investigations.  I do not want anybody to start looking into the Internet about what the death penalty is, about this case, or about any other death penalty case. I want

completely open minds. Only the evidence properly admitted here in Court is what you will be taking into account if you are selected as jurors.

    (b) Additionally, jurors may not post comments about or otherwise speak about this case on any social media outlets like Facebook, Google Plus, Myspace, Twitter, etc. This also means that you cannot go home and talk with your spouse or partner, co-workers, friends, or neighbors about the questions that you're asked here today.

    (c) You cannot read any newspaper articles or watch or listen to television or radio accounts about this case. If you are listening to the radio or television and a report begins regarding this case, you must switch stations, leave the room, or turn the radio or television off.

    Soon, we shall proceed to the individual questioning of the jurors regarding your views about the sentences of life imprisonment without possibility of release and the death penalty and other aspects of the answers that you gave to the questionnaire.  Before you go to the jury room there are a few questions for the Panel.