IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CR No. 10-2734 JCH |
| vs. ) | |
| ) | |
| JOHN CHARLES McCLUSKEY, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' SEALED REPLY TO DEFENDANT'S SEALED RESPONSE
TO UNITED STATES' SEALED SENTENCING MEMORANDUM [Dkt. 1643]

The United States hereby replies to Defendant's sealed response to the United State's Sealed Sentencing Memorandum [Dkt. 1636], and states:

The Sentencing Memorandum Is Properly Postured

The United States has asserted appropriate information on which the Court can consider for the purposes of sentencing Defendant John McCluskey.  18 U.S.C. § 3661 makes it clear that Congress imposed "[n]o limitation…. on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."   See also 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense *and the history and characteristics of the defendant*." (emphasis added)).   Although the Court in this case is bound by statute to sentence Defendant to a sentence of life imprisonment, there is an additional 235 years to which the Court must also consider.   U.S.S.G. § 1B1.4 states, "In determining the sentence to impose within the guideline

1

range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." The Government, like any defendant, is allowed under the Sentencing Guidelines to file a memorandum with a court to submit information for the Court to consider at sentencing. The fact that Defendant did not file a sentencing memorandum in this case, nor request a departure or variance does not prohibit the Government from filing a memorandum. Moreover, the Court is not bound to follow any information or request in a sentencing memorandum, it can review the information provided and decide for itself what impact, if any, it has on the Court's sentence.

Defendant responds to the Government's Sentencing Memorandum not in response form, but instead as a motion asking for relief. He requests this Court to strike the sentencing memorandum on "the grounds that its objections are untimely." [Dkt. 1643 at 2] However, the Government is not memorializing any objections to the Presentence Report (PSR), rather it is simply providing historical and character information in addition to that provided by probation office. Further, Defendant offers absolutely no support for requesting deletion from the case file. Without basis for this request the Court should deny it.

<u>A Sentencing Memorandum Does Not Trigger an Evidentiary Hearing</u>

Defendant discusses several issues raised by the Government that he deems would be necessary to hold a hearing, such as Aryan Brotherhood affiliation, or the assault on Stevenson Williams. This is simply not the case. District Courts have traditionally considered a defendant's prior criminal conduct even when the conduct did not result in a conviction. *Nichols v. United States*, 511 U.S. 738, 747-48 (1994). Likewise, sentencing courts have

traditionally considered a wide range of information without the procedural protections of a criminal trial, including information concerning criminal conduct.  *Witte v. United States*, 515 U.S. 389, 399-401 (1995).

The Court can consider any information, so long as it has sufficient indicia of reliability. *United States v. Watts*, 519 U.S. 148, 157 (1997).   Here Defendant claims that the Government is relying solely on the word of Tracy Province to support its allegation of Defendant's gang affiliation.  [Dkt. 1643 at 8]   Yet, Defendant is in possession of the same information the Government is, namely the list of tattoos Defendant has on his person, specifically the Peckerwood tattoo, as well as the numerous phone calls by Defendant discussing the hierarchy at Kingman prison, and the de-briefs of co-Defendant Casslyn Welch.  *See* Welch de-brief of 02/16/2011, pages 88-89.   Likewise, Defendant claims strenuously he is not a *member* of the Aryan Brotherhood.   The Government did not submit that he is.   Rather, the Government submits that he is affiliated with the Aryan Brotherhood through his prison time both in Pennsylvania and specifically in Arizona.

<u>The United States Sentencing Memorandum is Not an Objection to the PSR</u>

The United States chose not to file any objections to the Presentence Report (PSR).   The information contained within the Sentencing Memorandum is likewise not designed to substitute for any objections.   Rather, as stated above, it is additional information for the Court to consider – or not consider.   That is the prerogative of the Court.

In support of his argument, Defendant cites to the Tenth Circuit case of *United States v. Hardwell*, 80 F.3d 1471 (10th Cir. 1996), which discusses an objection made by the Government at sentencing that a seized sum of $40,000 should have been converted to the equivalent of two

kilos for the purposes of sentencing. However, that is inapplicable here as the Government does not proffer its Sentencing Memorandum for the Court to increase or change the sentencing recommendation of Life plus 235 years.

Likewise, Defendant cites *United States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002), in which the defendant objected at sentencing to an increase in offense level due to the District Court finding that he was an organizer or leader of criminal activity. The defendant had not objected to this finding within the PSR and thus the Court denied his objection at sentencing. Again, that is inapplicable here, as the Government is not requesting the Court change the proposed sentence within the PSR, but rather it is providing information that it may consider to follow the PSR recommended sentence, and impose any appropriate recommendations of confinement, programming, restitution and fines. The Tenth Circuit case of *United States v. Walters*, 28 Fed.Appx. 902, 908 (2001)(unpublished) is similar to *Overholt*, in that the defendant only objected to the drug quantity calculations in the PSR at sentencing. This objection could have changed the offense level of defendant. That is not the case here.

What is clear is that the Court has discretion to hear a new objection, or to entertain additional information in making its sentencing decision. *Hardwell*, 80 F.3d at 1500.

## CONCLUSION

The Defendant, in his conclusion, once again requests the Court to strike the Sentencing Memorandum without any basis in law or criminal rules. The Government respectfully requests this Court to deny the request. Defendant then requests the Court to find a formal hearing on the issues within the Sentencing Memorandum is unnecessary. The Government agrees. Lastly, the Defendant requests that the Sentencing Memorandum, Defendant's response, and presumably

this reply, not be part of the record. The Government disagrees. During the course of this case voluminous filings have been made by all parties. Some of these filings have been favorable to Defendant, some have not. All are part of the record. The Government respectfully requests these documents be included as part of the sentencing record.

                                          Respectfully submitted:

                                          DAMON P. MARTINEZ
                                          Acting United States Attorney

                                          *Filed Electronically May 27, 2014*
                                          LINDA MOTT
                                          Assistant U.S. Attorney
                                          201 Third St., NW, Suite 900
                                          Albuquerque, New Mexico   87102
                                          (505) 346-7274

                                          MICHAEL S. WARBEL
                                          Trial Attorney
                                          United States Department of Justice
                                          Capital Case Unit
                                          1331 F. St. NW, Rm. 346
                                          Washington, DC 20004
                                          (202) 514-5605

I HEREBY CERTIFY that on May 27, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. This filing will be sent by email to Michael Burt, Theresa Duncan, and Gary Mitchell, Esqs.

 /s/
_____
LINDA MOTT
Assistant U.S. Attorney